CARMEN MARÍA NADAL CARRIÓN, demandante y apelada, *v.* ANGEL CARRIÓN, demandado y apelante.

No. 3611.—*Visto:* Mayo 4, 1925.   *Resuelto:* Junio 19, 1925.

1. APELACIÓN Y ERROR—ALEGATOS—ALEGATO PRESENTADO FUERA DE TÉRMINO.— El término para la presentación del alegato no es jurisdiccional y puede negarse la desestimación de la apelación si el alegato se radica solamente tres días después de vencido el término y al mismo tiempo que la moción solicitando la desestimación, y la demora está justificada.

2. APELACIÓN Y ERROR—AUTOS Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—ALCANCE Y CONTENIDO DEL RÉCORD.—Cuando se apela en un pleito sobre nulidad de procedimiento ejecutivo hipotecario en que la corte expidió una orden de

*injunction* en virtud de la demanda, la solicitud y documentos acompañados como parte de la misma, no es necesario preparar una exposición del caso, ni menos una transcripción de la evidencia. Basta la certificación del secretario o de los abogados.

Moción sobre desestimación de apelación. *Sin lugar.*

A. *Nazario Lugo,* abogado del apelante; *Angel A. Vázquez,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se pide la desestimación del recurso de apelación interpuesto por no haber el apelante radicado su alegato dentro del término de ley y por haber archivado la exposición del caso o transcripción de la evidencia en la corte inferior después de vencido el término legal y no haberse aprobado ni elevado dicha transcripción en forma apropiada.

[1] En cuanto al primer extremo, es cierto que transcurrió el término que fija el reglamento de esta corte sin que se presentara el alegato del apelante, pero también lo es que el alegato se radicó al mismo tiempo que la moción de desestimación, tres días después de vencido el término, exponiendo el apelante que ello se debió a una errónea computación por parte suya. No se trata de un término jurisdiccional. Esta corte puede, en el ejercicio de su discreción, admitir y considerar un alegato archivado fuera de término, y así lo hará en el presente caso, por estimar justa la causa invocada.

Tampoco creemos que deba desestimarse el recurso por el segundo de los fundamentos aducidos. Interpuesta apelación el 2 de marzo de 1925, se archivó la transcripción en la secretaría de esta corte el 9 de abril siguiente, dentro del término de ley debidamente prorrogado. Sobre esto no hay cuestión, pero la parte apelada sostiene que la exposición del caso o transcripción de la evidencia no fué archivada en tiempo en la corte inferior.

¿Existe aquí una verdadera exposición del caso o transcripción de la evidencia?

La parte apelante sostiene que no, con razón a nuestro juicio. Se trata de un pleito sobre nulidad en el cual se solicitó un *injunction*. La orden de *injunction* fué expedida y no conforme el demandado apeló. Al prepararse el récord de la apelación, se formó con copia de la demanda, de la solicitud de *injunction* y de las actuaciones en cierto caso civil y en un procedimiento sumarísimo hipotecario que se hicieron formar parte de la solicitud. Al final de todo aparece la siguiente certificación:

"El que suscribe Juez de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., por la presente CERTIFICA:

"Que todas las alegaciones anteriormente transcritas bajo el título de APÉNDICE, fueron tenidas por él en consideración y estudiadas conjuntamente con las demás alegaciones también transcritas, como base para dictar la Resolución que ha dictado en el presente caso, toda vez que al peticionario hizo formar parte de su solicitud, todo cuanto se ha transcrito bajo el referido Apéndice. Y a los fines de la apelación interpuesta por el demandado, extiendo la presente que firmo en Mayagüez, P. R., a 6 de abril de 1925.—(Fdo.) Angel Acosta, Juez del Distrito."

Luego consta lo que sigue:

"Nosotros Angel A. Vázquez y Amadeo Nazario Lugo, abogados de récord en el presente caso, por la presente certificamos:

"Que las alegaciones que preceden son copias fieles y exactas de sus respectivos originales, obrantes en el récord de este caso, a que nos remitimos.

"Y a los fines de la apelación interpuesta por el demandado, firmamos la presente en Mayagüez, hoy abril 8 de 1925.—(Fdo.) Angel A. Vázquez, abogado de la demandante apelada.—A Nazario Lugo, abogado del demandado apelante."

[2] La certificación del juez era innecesaria. No se requería una exposición del caso, ni menos una transcripción de la evidencia. Los documentos transcritos formaban parte de legajos auténticos existentes bajo la custodia del secretario de la corte debidamente conectados. No hubo prueba testifical. Bajo esas circunstancias no tenía la parte apelante que recurrir al procedimiento fijado por la ley para la

tramitación de exposiciones del caso, pliegos de excepciones o transcripciones de evidencia y en tal virtud no estaba obligada a presentar la transcripción al juez de distrito dentro de diez días después de interpuesto el recurso o a solicitar prórroga del término para ello. Podía remitir al Supremo las actuaciones debidamente certificadas por el secretario o por los abogados, dentro del término de treinta días que concede la ley o de su prórroga, como lo hizo en el presente caso.

*No ha lugar a la desestimación del recurso.*